**In re Joseph Thomas ASCUE, Debtor.**

**Bankruptcy No. 88–00428–NT.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

May 13, 1992.

Dandridge H. Yon, Virginia Beach, Va., for debtor.

John M. Cloud, Norfolk, Va., Interim Trustee.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On April 6, 1992, the debtor filed a motion to reopen this closed chapter 7 case. The purpose stated in debtor's motion is to avoid a default judgment entered by the United States District Court, Western District of Virginia, for an education loan debt incurred by the debtor prior to his bankruptcy filing. For reasons stated in this opinion, the motion must be denied.

### *Findings Of Fact*

The debtor filed a chapter 7 bankruptcy petition on February 8, 1988. Included in

his schedule of liabilities was an indebtedness in the amount of $300,000.00 due to the U.S. Public Health Service for "medical school". By order of this court, the debtor received his discharge on May 25, 1988. On December 30, 1991, the U.S. Attorney filed complaint in the Western District of Virginia for principal, cost and a penalty interest incurred as the result of the debtor's default on the debtor's obligation to the U.S. Public Health Service. Debtor filed no answer to that complaint. On March 3, 1992, the district court entered judgment against the debtor for $373,-115.62. The debtor has not disputed that this debt represents an education loan.

### Discussion and Conclusions

Upon discharge, an individual debtor is discharged of all debts other than certain enumerated exceptions, one of which is an exception for an education loan from or guaranteed by a governmental unit. 11 U.S.C. § 727, § 523(a)(8). The statute does allow for discharge of an education loan if

> excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8).

The loan in issue here was apparently awarded through the U.S. Public Health Service Scholarship Program and is therefore an education loan covered by § 523(a)(8). As a practical matter it was up to the debtor, if he wished to have the bankruptcy court rule on a hardship defense to the debt, to have brought the issue before this court by timely filing a complaint in the bankruptcy case. However, debtor's case file reveals he failed to do this. He received a discharge on May 25, 1988, and his bankruptcy case has long since been closed. Pursuant to 11 U.S.C. § 523(a)(8) and § 727(b), debtor was not discharged of this education loan debt.

Having failed to receive a discharge of the health service obligation, the debtor remained liable for the debt at the time suit was filed against him to collect the loan. When the U.S. Department of Justice filed suit, debtor was provided the opportunity to claim a hardship defense pursuant to § 523(a)(8)(B). Debtor failed to raise that defense in the district court, and a default judgment was entered against him.

The bankruptcy court is not the proper forum for appealing a default judgment entered by a federal district court. In this case the bankruptcy court must give full faith and credit to a judgment entered by the district court and will not inquire into the merits underlying the judgment. Accordingly, the debtor is now barred from raising his hardship defense in the bankruptcy court.

Since the debtor has presented no issue to justify the reopening of his case, his motion to reopen will be denied.